1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

DEAN MILLS, GLENDA MILLS,                        Case No. 2:13-cv-02203-RFB-CWH

8

Plaintiffs,                        ORDER

9

v.

10

BANK OF AMERICA, N.A., *et al*,

11

Defendants.

12

## I.      INTRODUCTION

13

Before the Court are Plaintiffs' Motion to Confirm Trial by Jury (ECF No. 94); Defendant's

14

Motion to Strike Jury Demand (ECF No. 96); and Defendant's "Motion request for an order

15

confirming Plaintiff's statements on the record," ("Motion for an Order") ECF No. 105. After

16

reviewing the parties' briefs and based on the hearing held on July 6, 2016, for the reasons stated

17

below, the Court grants Plaintiffs' Motion to Confirm Trial by Jury in part and denies it in part

18

(ECF No. 94); grants in part and denies in part Defendant's Motion to Strike Jury Demand (ECF

19

No. 96); and denies Defendant's Motion for an Order (ECF No. 105).

20

21

## II.     BACKGROUND

22

This case was removed on November 27, 2013. ECF No. 1.  A jury demand was not made

23

in the original complaint. See Petition for Removal, ECF No. 1 at 51.

24

The Amended Complaint was filed February 17, 2015. ECF No. 34.  Defendant filed its

25

Answer on March 17, 2015. ECF No. 38.  Plaintiffs moved for a jury trial nine months later, on

26

November 10, 2015. ECF No. 55.

27

On January 21, 2016 the Court held a hearing on two Defendants' Motions to Dismiss.

28

ECF Nos. 36, 37. Defendant Nationstar settled with Plaintiff in March 2016, leaving Defendants

1    Bank of America (BOA) and Old Republic. Plaintiffs then filed a Second Amended Complaint on

2    February 4, 2016. ECF No. 62.  Defendants filed answers to Plaintiffs' SAC on February 8, 2016

3    and February 24, 2016. ECF Nos. 63, 66.

4         The Court held a hearing on April 18, 2016 regarding various motions in limine and also

5    ordered that the Plaintiff clarify their position on its right to a jury trial. ECF No. 93. At that hearing

6    Plaintiffs' counsel stated on the record that plaintiffs are waiving monetary damages with respect

7    to all remaining claims against Defendants BOA and Old Republic. Id.

8         Plaintiffs filed a motion to confirm trial by jury on May 2, 2016. ECF No. 94.  Defendant

9    did not oppose the motion but filed a Motion to Strike Jury Demand on June 23, 2016. ECF No.

10   96. On July 5, 2016, Defendant filed a Motion to for an Order. ECF No. 105. The Court held a

11   hearing on July 6, 2016 to discuss all three outstanding motions.

12

13        **III.    LEGAL STANDARD**

14        Fed. R. Civ. P. 38 provides: "On any issue triable of right by a jury, a party may demand a

15   jury trial by serving the other parties with a written demand—which may be included in a

16   pleading—no later than 14 days after the last pleading directed to the issue is served." "[W]e

17   indulge every reasonable presumption against waiver of the jury trial right, and therefore accept

18   jury demands that fall far short of the ideal." Lutz v. Glendale Union High Sch., 403 F.3d 1061,

19   1064 (9th Cir. 2005) (internal citation omitted).

20        In determining whether a particular claim is entitled to a jury trial, "[f]irst, we compare the

21   statutory action to 18th-century actions brought in the courts of England prior to the merger of the

22   courts of law and equity. Second, we examine the remedy sought and determine whether it is legal

23   or equitable in nature. The second stage of this analysis is more important than the first. If, on

24   balance, these two factors indicate that a party is entitled to a jury trial under the Seventh

25   Amendment, we must decide whether Congress may assign and has assigned resolution of the

26   relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder."

27   Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989). "[T]he right to a jury trial in the federal

28

courts is to be determined as a matter of federal law in diversity as well as other actions." <u>Simler v. Conner</u>, 372 U.S. 221, 222 (1963).

## IV.   DISCUSSION

The following causes of action remain against Defendants BOA and Old Republic: breach of contract; breach of duty of good faith and fair dealing; promissory estoppel; and declaratory relief. Plaintiffs clarified at the hearing on July 6, 2016 that they seek equitable relief in the form of specific performance as to the first three claims, and that they are not seeking monetary damages as to these claims; as to their fourth claim for declaratory relief, Plaintiffs seek declaratory judgment.

The Court finds that Plaintiffs are entitled to a jury trial on their declaratory relief claim. "[I]n a declaratory relief action, as in other civil actions, a party has 'an absolute right to a jury trial unless a jury has been waived.'" <u>Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.</u>, 560 F.3d 935, 942 (9th Cir. 2009) (internal citations omitted). Therefore, the Court turns to the remaining three claims: breach of contract; promissory estoppel; and breach of good faith and fair dealing.

In its Motion to Strike Plaintiffs' Request for a Jury Trial, Defendant BOA presents only one argument: Plaintiff is not entitled to a jury trial because the relief sought is equitable.[1] <u>See</u> ECF No. 96 at 2. In support of this argument, Defendant cites to <u>Ross v. Bernhard</u>, 396 U.S. 531 (1970). <u>Id.</u> However, the Court does not interpret <u>Ross</u> to hold that where a plaintiff asserts common law claims but seeks equitable, rather than monetary relief, she is not entitled to a jury trial.

Based on this Court's review of the relevant case law, the Court does not find authority stating that the presumptive right to a jury trial on claims arising from common law, and which are

---

[1] The Court notes that at the July 6, 2016 hearing, the Defendant raised for the first time the question of whether, under the Seventh Amendment, the Plaintiff is barred from seeking a jury trial where the amount in controversy is less than twenty dollars. However, as this argument was not raised or briefed in the papers, the Court considers this argument waived by the Defendants.

questions of law, is eliminated where a plaintiff seeks only equitable relief. Such a proposition is belied by the expansive right to a jury trial: "we contrast[] suits at law with 'those where equitable rights *alone* were recognized' in holding that the Seventh Amendment right to a jury trial applies to all but the latter actions." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 43-44 (1989) (internal citation omitted) (emphasis in the original).

In this case, Plaintiffs' breach of contract and breach of good faith and fair dealing claims are questions of law to be determined by a jury. See Palmiero v. Spada Distrib. Co., 217 F.2d 561, 565 (9th Cir. 1954); Microsoft Corp. v. Motorola, Inc., 795 F.3d 1024, 1047 (9th Cir. 2015). Therefore, Plaintiffs will be entitled to a jury trial on these claims, with equitable relief to be determined by the Court should Plaintiffs be successful on those claims.

However, the Ninth Circuit has stated that promissory estoppel is "a cause of action only cognizable in equity." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 235 F.3d 1184, 1195 (9th Cir. 2000). This is supported by findings in other circuits, such as the Eighth and Second Circuits, where promissory estoppel can be both equitable and legal, but where the determination of whether a promissory estoppel claim depends largely on the nature of the relief sought. See InCompass IT, Inc. v. XO Commc'ns Servs., Inc., 719 F.3d 891, 897 (8th Cir. 2013) (finding that, with regards to a claim under promissory estoppel, "the nature of the remedy sought is 'the more important of the two' inquiries in determining whether a right to a jury trial exists under the Seventh Amendment."); Merex A.G. v. Fairchild Weston Sys., Inc., 29 F.3d 821, 824 (2d Cir. 1994) (providing a detailed history of the nature of the right of promissory estoppel and the nature of the relief sought). In this case, Plaintiffs seek only equitable relief, not damages, for their promissory estoppel claim. Therefore, should Plaintiffs be unsuccessful in their breach of contract claim and be permitted to pursue their promissory estoppel claim, this claim will be heard by the Court, with equitable relief to be determined by the Court as well.

Defendant also moves this Court for an Order (ECF No. 105) clarifying Plaintiffs' position as to the nature of the relief sought. As the Plaintiffs have done so at the July 6, 2016 hearing, the Court denies this motion.

V.      CONCLUSION

**IT IS ORDERED that Plaintiffs' Motion for Jury Trial** (ECF No. 94) is granted in part and denied in part. The Plaintiffs shall be permitted to proceed to a jury trial on their breach of contract, breach of good faith and fair dealing, and declaratory relief claims.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Jury Trial (ECF No. 96) is granted in part and denied in part. The Motion is granted as to Plaintiffs' claim for promissory estoppel.

**IT IS FURTHER ORDERED** that Defendant's Motion for Order (ECF No. 105) is denied.

**DATED** July 7, 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 5 -